**Jeffrey A. WALKER, Appellant**

v.

**Michael A. ZENK; K. Bittenbender; David M. Rardin; Kathleen Hawk–Sawyer; Sanchez; Litchard; George Watson; Terry Bam; Robin Gregg.**

No. 03–3298.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 12, 2006.

Filed: Feb. 15, 2007.

Jeffrey A. Walker, Ray Brook, NY, pro se.

Stephen R. Cerutti, II, Office of United States Attorney Federal Building, Harrisburg, PA, for Michael A. Zenk; K. Bittenbender; David M. Rardin; Kathleen Hawk–Sawyer; Sanchez; Litchard; George Watson; Terry Bam; Robin Gregg.

Before: FISHER, GREENBERG and LOURIE,* Circuit Judges.

* The Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting

## OPINION OF THE COURT

FISHER, Circuit Judge.

Jeffrey A. Walker appeals from the District Court's dismissal of his Complaint. The Complaint included *Bivens* claims under the First, Fifth, and Eighth Amendments. The District Court dismissed the Complaint because it determined that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), required total exhaustion of administrative remedies, and Walker had not exhausted all of his administrative remedies for all of his claims. We held this case *c. a. v.* pending the Supreme Court's decision in *Jones v. Bock,* —— U.S. ——, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In *Jones,* the Supreme Court addressed whether the PLRA required total exhaustion of administrative remedies as to all claims. *Id.* 127 S.Ct. at 923–26. The Supreme Court held that an inmate's complaint under the PLRA should not be dismissed when the inmate exhausted his administrative remedies for some of his claims, but not all. *Id.* According to *Jones,* the District Court should have considered the claims that were exhausted, and dismissed only the unexhausted claims. Therefore, we will vacate the District Court's decision and remand for proceedings consistent with *Jones.*

by designation.